## In the Matter of: Condemnation of Certain Lands

*Thomas J. Dempsey,* for petitioners.

*Richard W. Kelly, H. L. Abrams* and *Maurice W. Baruth,* for respondent.

SMITH, J., May 19, 1966.—On July 22, 1965, Darrell H. Lazarus et ux., Bernard Kurtz et ux. and Sol S. Kurtz et ux. presented to this court a petition for payment of condemnors' estimate of just compensation. Eo die, a rule was granted on the Urban Redevelopment Authority of Pittsburgh to show cause why it should not pay petitioners, without requiring the execution of the agreements tendered to them, its true estimate of the just compensation due petitioners under the Eminent Domain Code of June 22, 1964, P. L. 84. This rule was duly served upon the Urban Redevelopment Authority of Pittsburgh, and on July 26, 1965, it filed its answer thereto.

On March 17, 1965, the authority condemned by declaration of taking the property of petitioners. On April 15, 1965, and on May 3, 1965, petitioners, orally and in writing, respectively, tendered possession of their properties to the authority and orally demanded that the authority pay to them its estimate of just compensation. On April 28, 1965, the owners petitioned for the appointment of viewers, and on June 25, 1965, prior to any viewers' hearings, respondent sent petitioners four agreements, which petitioners were advised must be executed by them and delivered to the authority upon the authority's paying to them its estimate of just compensation. This agreement is set forth fully as appendix I to this opinion.

Petitioners refused to execute the agreements, contending that the act of the legislature does not require their execution of an agreement of this nature and for the further reason that the contracts contain certain provisions which imposed obligations upon them not contemplated by the law. In the language of the au-

thority's brief, these agreements call upon petitioners to:

(1) agree to effect a partial settlement toward the fair market value of the property, which fair market value is to be determined later by the proper jurisdiction, at the offices of either Lawyers Title Insurance Corporation or Union Title Guaranty Company;

(2) agree that the part payment is not to be used by either party as evidence in any proceedings for the determining of the fair market value of the property involved;

(3) agree that said payment to owners is to be made in the manner and under the further conditions and covenants that the first monies from said sum shall be applied to the payment and discharge of all liens, charges and encumbrances which were against said property or are a lien, charge or encumbrance against the damages which the owners may be entitled to receive for the taking and appropriation and entry onto said property;

(4) agree that the appropriate certificate of either Lawyers Title Insurance Corporation or Union Title Guaranty Company shall be conclusive evidence of such aforesaid liens, charges or encumbrances;

(5) unconditionally admit and confirm that by the recited proceedings in eminent domain the fee simple title in and to said property vested in respondent;

(6) agree to execute and deliver such further assurances in writing to confirm such title and right as respondent, its successors or assigns, may at any time request;

(7) release and discharge respondent from any and all claims, damages, demands, actions, causes of action or suits at law or in equity by reason of said taking and appropriation of, and entry upon said property, except the balance due with respect to the monetary damages resulting from the difference between the fair

market value to be determined and the payment now made; and

(8) sell, assign and set over to respondent all petitioners' right, title and interest in and to any and all the rights released under said agreement, except the balance due with respect to the monetary damages resulting from the difference between the fair market value to be determined and the payment now made.

In its brief, the authority has admitted "That petitioners and respondent (Authority) have met all of the procedural requirements necessary to permit petitioners to demand of respondent (Authority), their estimate of just compensation under Article IV of the Eminent Domain Code, . . ." However, respondent refuses to make the payments unless petitioners execute the agreement which is submitted to them. We feel this action on the part of the authority is unreasonable and an attempt to evade the clear intent of the act of the legislature. Moreover, if we were to sustain the position of the authority, we would, in effect, be permitting the authority by its unilateral action to amend an act of the legislature. This the court cannot do.

The applicable section of the act of the legislature, Act of June 22, 1964 (Special Session), P. L. 84, art. IV, sec. 407, 26 PS §407 (1966 pocket supplement), provides as follows:

"(b) If within sixty days from the filing of the declaration of taking, the condemnor has not paid just compensation as provided in subsection (a) of this section, the condemnee may tender possession or right of entry in writing and the condemnor shall thereupon make payment of the just compensation due such condemnee as estimated by the condemnor. If the condemnor fails to make such payment the court, upon petition of the condemnee, may compel the condemnor to file a declaration of estimated just compensation or, if the condemnor fails or refuses to file such declara-

tion, may at the cost of the condemnor appoint an impartial expert appraiser to estimate such just compensation. The court may, after hearing, enter judgment for the amount of the estimated just compensation".

It is the opinion of the court, in light of the facts in this case and the foregoing act of the legislature, that petitioners (the property owners) have complied with the act so as to require the authority to file a declaration of estimated just compensation. Under the terms of the act, if the authority fails, within 60 days from the filing of the declaration of condemnation, to pay just compensation, the condemnee may tender possession, which they have done in this case, but the authority has failed to make payment in accordance with the provisions of the act. We, therefore, feel that the rule to show cause should be made absolute and that the authority file within 10 days from the date hereof its estimate of just compensation, and in the event that it fails or refuses to do so, then the court will, on motion of petitioners, appoint an impartial expert appraiser to estimate just compensation.

It is the opinion of this court that the authority's position in requiring petitioners to execute the agreement, which is fully set forth as appendix no. 1 to this opinion, is arbitrary, capricious and unreasonable. We have examined the various cases set forth in the brief of the authority, but do not find any of them to be applicable to the law under the Eminent Domain Code of the Commonwealth of Pennsylvania. It seems to be the position of the authority that the representations which they asked petitioners to make in the agreement are part of the "quid pro quo" of the agreement. However, what must be remembered in the instant case is that there is no agreement as to the condemnation, but rather a taking under the absolute power of eminent domain of the authority. If this were an agree-

ment arrived at by negotiation between the authority and petitioners, then it would be clearly reasonable that the agreement contain provisions such as the one submitted to petitioners by the authority.

In accordance with the admitted facts in the case, we feel that the court has no alternative but to order the rule to be made absolute and the authority to file its estimate of just compensation within 10 days, or in default thereof, the court will appoint a competent appraiser.

### ORDER OF COURT

And now, to wit, May 19, 1966, upon consideration of the foregoing petition, answer and after argument of counsel and consideration of their briefs, it is hereby ordered, adjudged and decreed that the Urban Redevelopment Authority of Pittsburgh, within 10 days from the date hereof, file with this court its estimate of just compensation for the property which it has taken of petitioners, and in the event that it fails or refuses to do so, then the court will, upon motion of petitioners, appoint a competent appraiser to do so.